IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT OF
BIBB COUNTY GEORGIA

2014 MAY 21 PM 2: 37

PATTI M. GRAVES, CLERK

| | |
|---|---|
| IRA SHINES, | |
| Plaintiff, | |
| vs. | Civil Action No. **83073** |
| TRACTOR SUPPLY COMPANY | **SECOND ORIGINAL** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Ira Shines, Plaintiff in the above-captioned matter, by and through his attorney, files his Complaint for damages against Defendants, respectfully showing as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Ira Shines ("Plaintiff") resides in Macon, Bibb County, Georgia, and is subject to the jurisdiction and venue of this Honorable Court.

2.

Defendant Tractor Supply Company is a foreign corporation organized and existing by virtue of the laws of the state of Georgia. Defendant Tractor Supply Company's principal place of business is Brentwood, Tennessee. Defendant Tractor Supply Company operates a store in Macon, Bibb County, Georgia. Defendant Tractor Supply Company has a registered agent in Marietta, Cobb County, Georgia. Defendant Tractor Supply Company may be served through its registered agent for service of process: Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Georgia, 30060.

3.

Pursuant to O.C.G.A.§ 14-2-510(b)(4), because the event causing Plaintiff's injury occurred in Bibb County, jurisdiction and venue are proper as to this Defendant in this Honorable Court.

**FACTUAL BACKGROUND**

4.

Plaintiff hereby incorporates paragraphs one (1) through four (3) by reference as if fully and completely set forth herein verbatim.

5.

Defendant Tractor Supply Company operates a tractor supply store at 5301 Eisenhower Pkwy, Macon, Bibb County, Georgia 31206.

6.

On or about July 14, 2012, Plaintiff was a customer and business invitee at Defendants' location.

7.

Upon entering the building, suddenly and unexpectedly, Plaintiff slipped and fell due to the presence of a slick foreign substance, Plaintiff believes to be water, on the floor.

8.

Plaintiff slipped and fell hard on the concrete floor. He suffered personal injuries as a result of his fall.

9.

The presence of water on the floor made Defendant's premises unreasonably dangerous.

10.

Defendant was negligent for failing to keep and maintain their premises in a safe condition.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered personal injuries that required medical attention.

12.

Defendant had actual and/or constructive knowledge of the dangerous condition on the premises, which was superior to the knowledge Plaintiff had of said condition.

13.

Defendant failed to warn Plaintiff of the dangerous condition on its property.

14.

At all times relative to this incident, Plaintiff was exercising due care for his own safety.

15.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

16.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe injuries that required extensive medical treatment.

17.

As a direct and proximate result of Defendant's negligence, Plaintiff endured physical, mental, and emotional pain and suffering due to the injuries he sustained in the fall.

18.

As a direct and proximate result of Defendant's negligence, Plaintiff has, to date, incurred special damages in the form of medical expenses totaling at least $23,263.33.

19.

Plaintiff is entitled to recover from Defendant as special damages compensation for his medical expenses to the extent permitted by law and in an amount to be proven at trial.

20.

Plaintiff is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

## CLAIMS AGAINST DEFENDANT TRACTOR SUPPLY COMPANY

21.

Plaintiff repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through twenty-two (20) by reference as if fully and completely set forth herein verbatim.

22.

Defendant Tractor Supply Company was negligent for failing to keep its premises safe in violation of O.C.G.A. § 51-3-1, by among other things, by allowing water to be present on the floor, maintaining the premises in an unsafe manner and failing to remove such dangers and objects from it premises.

23.

Defendant Tractor Supply Company was negligent *per se* for allowing water to remain present on the floor of its premises.

24.

Defendant Tractor Supply Company was negligent for failing to warn of the dangerous condition on its premises in violation of O.C.G.A. §51-3-1.

25.

Defendant Tractor Supply Company is liable to Plaintiff for damages as set forth above.

## FEES AND COSTS

26.

Plaintiff repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through thirty-two (25) by reference as if fully and completely set forth herein verbatim.

27.

Defendants' actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Plaintiff to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) that summons issue and Defendant be served as required by law;

(b) that Plaintiff receive a trial by jury;

(c) that Plaintiff recover an amount sufficient to compensate his for special damages for his medical expenses in an amount to be proven at trial and to the extent permitted by law;

(d) that Plaintiff recover general damages for her past, present and future pain and

suffering in an amount to be determined by a fair and impartial jury;

(e) that Defendant be held liable to Plaintiff;

(f) that Plaintiff have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11;

(g) that all costs of this proceeding be assessed against Defendants; and

(h) that Plaintiff receive such further relief as this Court deems just and proper.

Respectfully submitted this 19 day of May, 2014.

JAMES E. LEE II
State Bar No. 443405
MICHAEL W. BARBER
State Bar No. 584304
Counsel for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)